UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-421-FDW
(3:20-cr-276-FDW-DSC-1)

| | |
|---|---|
| WARREN EUGENE HINES, JR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court sua sponte.

Petitioner filed an unverified pro se document in the criminal case that was docketed in this civil case as a Motion to Vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. Petitioner appears to raise claims of: ineffective assistance of counsel, an unreasonable sentence, insufficient evidence, and errors in the execution of his sentence by the federal Bureau of Prisons.[1] [Id. at 1-2]. He seeks a reduced sentence. [Id.].

On July 14, 2023, the Court provided the Petitioner with warnings pursuant to United States v. Castro, 540 U.S. 375 (2003), and required him to inform the Court, within 30 days, whether he agrees to recharacterize his Motion pursuant to § 2255, or whether he is attempting to proceed pursuant to 18 U.S.C. § 3582. [Doc. 2]. The Court also informed Petitioner that his filing is insufficient to proceed under either § 2255 or § 3582, and required him to file a superseding Amended Petition within 30 days. [Id.]. The Court cautioned Petitioner that, if he failed to do so, the Petition would likely be dismissed or denied without further notice. [Id.].

---

[1] Petitioner was informed that he must seek judicial review of the BOP's execution of his sentence, if at all, under 28 U.S.C. § 2241 in the district of confinement. [Doc. 2 at 3].

On July 28, 2023, Petitioner filed a Letter in response to the Castro Order, stating:[2]

> This is not a 1. 2255
> This is not a 2. 3582
> This is a letter to my Judge about a second chance? And can this be submitted.

[Doc. 3 at 1].

The Petitioner has not agreed to have his filing recharacterized as a § 2255 Motion to Vacate pursuant to Castro, and therefore, the instant action will be dismissed without prejudice. Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h).

The Petitioner also explains that he does not intend to seek relief pursuant to § 3582, and he has not filed an Amended Petition in compliance with the Court's July 14 Order. It appears that the Petitioner intended for his July 13 filing to be a Letter informally asking the Court for a sentence reduction. However, Petitioner may not avoid legal and procedural constraints by informally requesting such relief in a Letter. Petitioner's request for a sentence reduction is not properly before the Court and it is dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to terminate this case.

Signed: September 11,

_Frank D. Whitney_
Frank D. Whitney
United States District Judge

---

[2] Petitioner is cautioned that he must include his case number at the top of all his future filings. Further, the Petitioner is cautioned that he must seek relief from the Court in properly-filed Motions. Letters and other miscellaneous filings will not receive a response from the Court.